404 P.2d 969

**WEYHER CONSTRUCTION COMPANY,**
Plaintiff and Appellant,

v.

**UTAH STATE ROAD COMMISSION,**
Defendant and Respondent.

No. 10307.

Supreme Court of Utah.

Aug. 26, 1965.

Clyde, Mecham & Pratt, Elliott Lee Pratt, Salt Lake City, for plaintiff and appellant.

Phil L. Hansen, Atty. Gen., State of Utah, Joseph S. Knowlton, Asst. Atty. Gen., State of Utah, for defendant and respondent.

WADE, Justice:

Weyher Construction Company, appellant herein, brought suit against the Utah State Road Commission claiming breach of warranty and misrepresentation in the plans and specifications of a contract awarded appellant to rebuild a storm drain in Salt Lake City, Utah, as a result of which appellant was obliged to incur extra costs not contemplated in its bid and which resulted in the appellant submitting a much lower bid than it would have but for such misrepresentation in the plans and specifications. Appellant also sued for $1850.00 withheld by the Commission as liquidated damages for appellant's failure to complete the project within the contracted time.

After trial the court found that the appellant construction company was entitled to the payment of the $1850.00 withheld by the Commission because the delay in the completion of the project was caused by

the Commission's delay in the preparation of alternate plans, but was not entitled to recover any extra costs incurred by it in fulfilling its contract. The Weyher Construction Company appeals from a judgment in conformance with these findings.

From the record it appears that under the "Special Construction Conditions" of the contract awarded appellant construction company, appellant was required to remove the existing concrete storm drain and construct and repair a storm drain running west from Third West to Fifth West in Salt Lake City, Utah, during the months of August, September and October. Since this work was to be accomplished under the provisions of the contract by removing the existing storm drain and making new forms in the trench formerly occupied by the old storm drain and then pouring the cement into these new forms, the work had to be done under dry conditions and it was necessary to divert the waters ordinarily flowing down the old storm drain around the area of construction while the work was being done. One of the "Special Construction Conditions" provided that: "The Contractor shall divert the flow from storm drain that is to be removed. This diversion may be accomplished by means of an existing storm drain in the vicinity of First West Street * * *" Under this provision the obligation to divert the flow from the storm drain was upon appellant.

Appellant commenced to work on the project a day or so before August 1st and had constructed the required conversion dam to divert the flow around the construction area and down the sixty inch drain. Unfortunately some rainstorms occurred, causing flows of water greater than the sixty inch drain could accommodate with the result that several dams built by appellant at different times were washed out and the flow was not diverted from the construction project.

After the first dam appellant built was washed out, appellant sought a change in the plans and specifications so as to avoid this problem. Eventually the State Road Commission allowed appellant to eliminate the construction of the formwork and pouring of the concrete down the trench and allowed it to prefabricate the storm drain at an off-jobsite. The modified method was much more expensive than the original method contemplated in the contract and cost about $15,000.00 more.

It is appellant's contention that it was entitled to rely upon the plans and specifications of the contract and that they would be adequate, but the sixty inch storm drain which the "Special Construction Conditions" provided could be used to divert the waters proved to be inadequate. Appellant argues that it was entitled to be recompensed for the extra costs incurred because of the

deceptive representation [1] that the sixty inch storm drain would be adequate to handle the waters which could be expected to flow into it during the months of August, September and October.

The court as the trier of the facts, however, found that "the plans and specifications for the construction of the storm drain were completely adequate" and "there was no misrepresentation in the plans and specifications by the defendant, the plaintiff having the same knowledge, or the means to gain the same knowledge, as the defendant."

The record discloses that the sixty inch storm drain was put in shortly after the floods of 1952 to augment the capacity of the conduit which appellant construction company reconstructed, so as to take care of the spring run-off from Parley's Creek, Emigration Creek and Red Butte waters which entered the Thirteenth South drain. The City Sewer Engineer in charge of the Thirteenth South storm drain for over ten years testified that except for flash floods or exceptionally heavy rainfall, either the sixty inch storm drain or the storm drain running parallel to it which the appellant had contracted to rebuild would be sufficient to handle the waters flowing from the Creeks and from small rainstorms entering the Thirteenth South drain during the months of August, September and October.

We are of the opinion that there was sufficient competent evidence for the court as the trier of the facts to find as it did that there was no misrepresentation in the plans and specifications for the storm drain. Whether extra heavy rains or flash cloudbursts would occur during those months would be equally within the knowledge of the appellant construction company and respondent State Road Commission. Neither could foresee whether or not they would occur in any given year in those months.

The trier of the facts having found from the evidence that the State Road Commission had made no misrepresentations in its plans and specifications upon which appellant construction company relied to its detriment, it is unnecessary for this court to determine whether, under other provisions of the contract between the parties, the State Road Commission would have been liable for the extra costs had the trier of the facts found the sixty inch storm drain inadequate to divert the waters ordinarily to be expected to flow through the Thirteenth South storm drain during the specified months.

Affirmed.

HENRIOD, C. J., and McDONOUGH, CROCKETT, and CALLISTER, JJ., concur.

1. United States v. Johnson, 9 Cir., 153 F. 2d 846; F. H. McGraw & Co. v. United States, 82 F.Supp. 338, 113 Ct.Cl. 29; Hollerbach v. United States, 233 U.S. 165, 34 S.Ct. 553, 58 L.Ed. 898; United States v. Atlantic Dredging Co., 253 U.S. 1, 40 S.Ct. 423, 64 L.Ed. 735.